IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 3, 2025

## MICHAEL AVEILLE ON BEHALF OF E. A. v. BOBBY MOORE

**Appeal from the Circuit Court for Shelby County**
**No. CT-1046-24          Carol J. Chumney, Judge**
_____

**No. W2024-00679-COA-R3-CV**
_____

This appeal concerns the entry of an order of protection. The alleged victim's father filed the initiating petition based upon an allegation of stalking. We vacate the entry of the order of protection, finding no evidence to sustain the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which Frank G. Clement, Jr., P.J., M.S., and KENNY ARMSTRONG, J., joined.

Joseph A. McClusky, Memphis, Tennessee, for the appellant, Bobby Moore.

Michael Aveille, Arlington, Tennessee, pro se appellee.

## OPINION

### I.  BACKGROUND

Michael Aveille ("Father") and Jill Aveille ("Mother") are divorced. Father lives in Tennessee. Mother's current residence is unclear from the record; however, at the time of the initial action, Mother was dating Bobby Moore, a teacher employed in Mississippi.

In January 2024, Mother directed Mr. Moore to send a message to her daughter ("the Child"), who was ten years old at the time, advising her of a call from a friend. Mr. Moore complied; the Child responded, "Ok, thanks." Mr. Moore then sent an additional message through SnapChat that said, "No Problem," with an attached image or meme that said, "How old were you when you found out that LMAO means lick me all over?"

The message was forwarded to Father, who attempted to contact Mother and left a message. When Mother did not answer or immediately return his call, Father contacted local law enforcement, who completed an incident report. Mother received the message from Father the next day, at which time she spoke with Mr. Moore. They then agreed to contact Father. Mr. Moore spoke with Father and apologized for his actions, stating that it would never happen again and admitting that the message was sent in "poor taste." Mr. Moore later alleged that the message was sent inadvertently to the Child.

On February 2, 2024, Father filed the instant action on behalf of the Child, a petition for an order of protection from Mr. Moore. Father alleged stalking as the basis for his requested order imposed against Mr. Moore to "stay away" and have "no contact" with the Child. The court issued a temporary order of protection and set the matter for a hearing.

The matter proceeded to a hearing on March 27, at which Father admitted that Mr. Moore had not stalked him or the Child. He recounted the events concerning the SnapChat message and acknowledged that Mr. Moore apologized for the message. He was not aware of any additional messages sent to the Child or other concerning behavior. Father's wife, Elizabeth Aveille, confirmed that Mr. Moore apologized to Father and admitted the message was sent in "poor taste."

Mother confirmed that she asked Mr. Moore to send a message to the Child and that she was unaware of the contents of the message until she spoke with Father the next day. Mr. Moore explained that he was clearing photos on his phone when he was asked to send a message to the Child. He claimed that the image inadvertently attached to his responsive message in which he stated, "No Problem." He claimed he did not intend to send the image and that he did not learn of his mistake until the next day, when he spoke to Father.

The trial court entered an order of protection on April 10, 2024, finding that the evidence presented was sufficient to support the entry of an order of protection. The court checked the box indicating that Mr. Moore had "abused" or "threatened to abuse" the Child. The court ordered no contact between Mr. Moore and the Child for one year. This timely appeal followed.

## II.     ISSUE

We consolidate and restate the determinative issue on appeal as follows: Whether the evidence presented was sufficient to support the entry of an order of protection.

## III.  STANDARD OF REVIEW

The trial court may issue an order of protection if "the petitioner has proven the allegation of domestic abuse, stalking, sexual exploitation of a minor, sexual assault, or a human trafficking offense by a preponderance of the evidence."  Tenn. Code Ann. § 36-3-605(b).  "Proving an allegation by a preponderance of the evidence requires a litigant to convince the trier-of-fact that the allegation is more likely true than not true."  *McEwen v. Tenn. Dep't of Safety*, 173 S.W.3d 815, 825 n.19 (Tenn. Ct. App. 2005) (citing *Austin v. City of Memphis*, 684 S.W.2d 624, 634–35 (Tenn. Ct. App. 1984)).

We review this non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise.  Tenn. R. App. P. 13(d).  This presumption of correctness applies only to findings of fact and not to conclusions of law.  *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).  The trial court's conclusions of law are subject to a de novo review with no presumption of correctness.  *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).  The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary.  *Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011).

## IV.  DISCUSSION

Orders of protection are statutorily governed by Tennessee Code Annotated section 36-3-601, et seq.  The stated purpose of the statutes was

> to recognize the seriousness of domestic abuse as a crime and to assure that the law provides a victim of domestic abuse with enhanced protection from domestic abuse.  A further purpose of this chapter is to recognize that in the past law enforcement agencies have treated domestic abuse crimes differently than crimes resulting in the same harm but occurring between strangers.  Thus, the General Assembly intends that the official response to domestic abuse shall stress enforcing the laws to protect the victim and prevent further harm to the victim and the official response shall communicate the attitude that violent behavior is not excused or tolerated.

Tenn. Code Ann. § 36-3-618.  In 2005, the General Assembly amended the statutes to also protect victims of sexual assault and stalking.  2005 Tennessee Laws Pub. Ch. 381 (S.B. 645).  However, the legislative purpose and intent of the statutes remained, despite numerous updates to the statutes and the inclusion of sexual assault and stalking victims. *See generally* Tenn. Code Ann. § 36-3-618 (reflecting no substantive changes since 1995).

Pursuant to Section 36-3-602(a), a stalking victim[1] may seek relief from the courts pursuant to Title 36 when such person "has been subjected to, threatened with, or placed in fear of, domestic abuse, stalking, or sexual assault." "'Stalking victim' means any person, regardless of the relationship with the perpetrator, who has been subjected to, threatened with, or placed in fear of the offense of stalking, as defined in [section] 39-17-315." Tenn. Code Ann. § 36-3-601(11). Stalking is defined as:

> a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested, and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

Tenn. Code Ann. § 39-17-315(a)(4). Similarly, a domestic abuse victim may obtain relief from the courts based upon a finding of abuse, which is defined as:

> (A)     Inflicting, or attempting to inflict, physical injury on an adult or minor by other than accidental means;
>
> (B)     Placing an adult or minor in fear of, or in, physical harm or physical restraint;
>
> (C)     Causing malicious damage to the personal property of the abused party; or
>
> (D) Intentionally engaging in behavior that amounts to financial abuse;

Tenn. Code Ann. § 36-3-601.

Here, the evidence presented was insufficient to sustain a finding of stalking as alleged or a finding of domestic abuse as found by the trial court. We acknowledge that the message itself was very inappropriate; however, the record is devoid of evidence establishing that Mr. Moore engaged in a willful course of conduct involving repeated or continued harassment of the Child. Further, it was not alleged and facts were not presented to establish that Mr. Moore had abused the Child as defined by Section 36-3-601. Accordingly, we vacate the entry of the order of protection against Mr. Moore.

---

[1] A petition filed on behalf of an unemancipated minor may be presented by a parent or guardian. Tenn. Code Ann. § 36-3-602(b).

## V.    CONCLUSION

For the reasons stated above, we vacate the order of protection and remand for such further proceedings as may be necessary.  Costs of the appeal are taxed to the appellee, Michael Aveille.

_____
JOHN W. MCCLARTY, JUDGE